Gina M. Rossi (#16914)
Hall & Evans, LLC
1001 Seventeenth Street, Suite 300
Denver, Colorado 80202
Telephone:    303.628.3300
Facsimile:    303.628.3368
Email:        rossig@hallevans.com

Thomas W. Farrell, #13697
Hall & Evans, LLC
175 S. Main Street, Suite 610
Salt Lake City, UT  84111
Telephone:  (385) 282-5072
Email:        farrellt@hallevans.com

**Attorneys for Defendant Union Pacific Railroad Company**

---

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SCOTT NEIL,<br><br>        Plaintiff,<br><br>vs.<br><br>UNION PACIFIC RAILROAD COMPANY;<br>And JOHN DOES 1-10,<br><br>        Defendant. | NOTICE OF REMOVAL<br><br><br>Case No:<br>Judge: |

Defendant Union Pacific Railroad Company, by and through its attorneys, Hall & Evans, LLC, hereby submits the following Notice of Removal of the above-captioned action from Salt Lake County Utah District Court to the United States District Court for the District of Utah pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Fed. R. Civ. P. 81(c), stating as follows:

## I.  **INTRODUCTION**

1.      Plaintiff, Scott Neil ("Plaintiff') initiated this lawsuit against Defendant by the filing of a lawsuit in Salt Lake County District Court on May 2, 2023, captioned *Scott Neil v. Union Pacific Railroad Company,* Civil Action No. 230903161, and is now pending in that court (the "State Action").  *See* **Exhibit A**, Plaintiff's Complaint.

2.      Defendant was served with Process on May 4, 2023.  *See* **Exhibit B,** Return of Service.

3.      Plaintiff alleges that on February 22, 2022, Mr. Neil was working in the Defendant's Roper Yard when he sustained an injury.  Exhibit A, ¶¶ 2 and 8.

4.      Plaintiff's Complaint alleges claims of negligence and gross negligence.  Exhibit A, ¶¶ 16-33.

## II.      COMPLIANCE WITH THE RULES

5.      All procedural requirements related to the removal of this action have been satisfied.

6.      Defendant was served on May 4, 2023.  *See*, Exhibit B.

7.      This Notice of Removal is filed within thirty (30) days of service of the Plaintiff's Complaint and Summons on Defendant and is timely under 28 U.S.C. §§ 1441 and 1446(b).

8.      A copy of this Notice of Removal will be filed with the State Action and served upon Plaintiff's counsel.

9.      Pursuant to 28 U.S.C. § 1446(a) and DUCiv 81-2 copies of the following process, pleadings, and orders that were served upon Defendant or filed in the State Action are attached as follows:

> **Exhibit A**      Complaint
>
> **Exhibit B**      Return of Service

**Exhibit C**    Return of Electronic Notification dated May 2, 2023

**Exhibit D**    Return of Electronic Notification dated May 4, 2023.

**Exhibit E**    Answer and Affirmative Defenses of Union Pacific.

**Exhibit F**    Return of Electronic Notification dated May 25, 2023.

**Exhibit G**    Notice of Event Due Dates.

**Exhibit H**    Return of Electronic Notification dated May 26, 2023.

**Exhibit I**    Amended Answer and Affirmative Defenses of Union Pacific.

**Exhibit J**    Return of Electronic Notification dated June 1, 2023.

10.    Pursuant to DUCiv 81-2, Defendant states that no hearings are pending, nor has any trial been set in the State Action.

11.    Pursuant to Fed.R.Civ.P. 81(c), Defendant has presented its defenses by filing its answer and amended answer with the Utah District Court as specified in the Utah Rules of Civil Procedure.

12.    Defendant specifically reserves their rights to assert all defenses, including those defenses under Fed.R.Civ.P. 12(b).

13.    Defendant has complied with all of the requirements of 28 U.S.C. § 1446 and DUCiv 81-2.

### III.   DIVERSITY JURISDICTION

14.    This case is removable pursuant to 28 U.S.C. § 1441 because the United States District Court for the District Court of Utah has diversity jurisdiction under 28 U.S.C. §§ 1441, 1446, and 1332.  Federal courts have diversity jurisdiction in lawsuits between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332.

**A.**     ***THE PARTIES ARE CITIZENS OF DIFFERENT STATES***

15.     There is complete diversity of citizenship between Plaintiffs and Defendant. Mr. Neil is a citizen of New Mexico.  Exhibit A, ¶ 1.  *See Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983) ("For purposes of diversity jurisdiction, under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile").

16.     Defendant, Union Pacific is a Delaware corporation with its principal place of business in Omaha, Nebraska.  Exhibit A, ¶2, *see also,* **Exhibit K,** Declaration of Union Pacific Railroad Company.

17.     Plaintiff has sued John Does 1-10 in this action.  Plaintiff has not alleged a domicile or citizenship of the alleged John Doe defendants.  The citizenship for these defendants is irrelevant as defendants sued under fictitious names shall be disregarded.  *See* 28 U.S.C. § 1441(b)(1).

18.     For purposes of federal diversity jurisdiction, the parties to the present action are completely diverse.  28 U.S.C. § 1441(b).

**B.**     ***THE AMOUNT IN CONTROVERSY EXCEEDS $75,000***

19.     The amount in controversy here exceeds $75,000 as required by 28 U.S.C. § 1332(a).[1]  In his Complaint, Plaintiff alleges that Mr. Neil has suffered general and special damages exceeding $300,000.  Exhibit A, ¶¶ 22 and 33.

20.     "If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 U.S.C. § 1446(c)(2).

---

[1] Defendant does not concede or waive its right to contest Plaintiff's alleged damages.

21.     Similarly, in determining the amount in controversy, a court may look to the object sought to be accomplished by the plaintiff's complaint. *Ronzio v. Denver & R.G.W.R. Co.*, 116 F.2d 604, 606 (10th Cir. 1940).  "[T]he test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.*; *see also McPhail v. Deere & Company*, 529 F.3d 947, 954 (10th Cir. 2008) (finding that the sum for the amount in controversy can be either the value of what plaintiff seeks or what defendant may lose).

22.     When a defendant seeks federal court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. *Dart Cherokee Basin Operating Company, LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 554.  A notice of removal "may be filed within thirty days after receipt by the defendant, through service or otherwise, or . . . other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).  Information relating to the amount in controversy in the record of the state proceedings, or in response to discovery, shall be treated as an "other paper."  28 U.S.C. § 1446(c)(3)(A).

23.     Here, Plaintiff admits that the jurisdictional amount in controversy exceeds $75,000, exclusive of interests and costs, by alleging that this matter is a Tier 3 matter under Utah Rules of Civil Procedure.

24.     In the State Action, Plaintiff's Complaint alleges that Plaintiff's damages are "including but not limited to, special damages for medical expenses, loss of essential services, lost wages, future medical care, general damages for pain and suffering, and other

damages in an amount to be proven at trial but in no case less than $300,000.00.**"** Exhibit

A**,** ¶¶22 and 33.

25.      Based on the foregoing, the jurisdictional amount in controversy exceeds $75,000,

exclusive of interests and costs, and therefore, this action may properly be removed to this

Court pursuant to 28 U.S.C. §§ 1441 and 1446.

26.      Accordingly, this Court has original jurisdiction over this action pursuant to 28

U.S.C. § 1332.

WHEREFORE, Defendant, Union Pacific Railroad Company, respectfully requests that

the action now pending in the Salt Lake County District Court, Case No. 230903161, be removed

therefrom to this Court and that all further proceedings be heard in this Court.

Respectfully submitted this 1st day of June, 2023.

HALL & EVANS, LLC

/s/  *Thomas W. Farrell*
GINA M. ROSSI
THOMAS W. FARRELL
Attorneys for Union Pacific Railroad Company

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 1, 2023, a true and correct copy of the foregoing **Notice of Removal** was filed with the Court and served via ec/cmf E-Filing and electronic mail to the following:

Daniel S. Garner
M'Kay G. Driggs
GARNER LAW FIRM
370 East South Temple, Suite 200
Salt Lake City, UT 84101
Phone: 801-849-9300
Dan@garnerinjurylaw.com
Mkay.driggs@garnerinjurylaw.com
*Attorneys for Plaintiff*


*/s/Amber Britt*
Paralegal