IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **SCOTT NEIL**,<br><br>                                   Plaintiff,<br><br>v.<br><br>**UNION PACIFIC RAILROAD COMPANY**,<br><br>                                   Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>Case No. 2:23-CV-00366-JNP-JCB<br><br>District Judge Jill N. Parrish<br>Magistrate Judge Jared C. Bennett |

Plaintiff Scott Neil ("Mr. Neil") seeks leave to amend his complaint against Defendant Union Pacific Railroad Company ("Union Pacific"). Specifically, Mr. Neil filed a motion seeking leave to amend his complaint to add another corporation, TTX, as a defendant. *See* ECF No. 32. Union Pacific opposes the motion. ECF No. 35. For the reasons stated herein, Mr. Neil's motion is GRANTED.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 15(a), "[a] party may amend its pleadings once as a matter of course[.]" *See* Fed. R. Civ. P. 15(a)(1). After a responsive pleading has been served, however, a party "may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Under Rule 15(a), the court should "freely give leave when justice so requires." *Id.*

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

"[U]ntimeliness alone" may be "a sufficient reason to deny leave to amend . . . especially when the party filing the motion has no adequate explanation for the delay[.]" *See Frank*, 3 F.3d at 1365–66 (citing *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990); *First City Bank v. Air Capitol Aircraft Sales*, 820 F.2d 1127, 1133 (10th Cir. 1987)).

**DISCUSSION**

Mr. Neil filed his complaint against Union Pacific in state court on or about May 2, 2023. ECF No. 1-2. Mr. Neil alleges that while he was on a Union Pacific railcar that had the initials "TTGX" on its side, Union Pacific's negligence caused him to lose his grip on the railcar's handles and fall between fifteen and twenty feet. *Id.*; *see also* ECF No. 36. Following Union Pacific's removal of the case to this court, Mr. Neil subpoenaed various records from Logistical Data Services in July 2023. *See* ECF No. 12. Before Logistical Data Services responded to the subpoena, the September 8th deadline for the parties to amend their pleadings passed. ECF No. 32, at 2. Logistical Data Services then returned subpoenaed documents to Mr. Neil on or about November 16, 2023.

Upon reviewing the documents produced by Logistical Data Services, Mr. Neil came to believe that TTX, a "private company owned by major railroad, including Defendant [Union Pacific]" may be a part owner of Union Pacific or may "contract with [Union Pacific] to provide railcars" such as the one in which Mr. Neil was injured. ECF No. 36, at 1–3. Mr. Neil came to this conclusion due to his understanding that "TTX initials its railcars with 'TTGX[,]'" which "appear[ed] on the side of the railcar where Plaintiff was injured." *Id.* at 2 (citing https://www.ttx.com/about/equipment/). As a result, Mr. Neil decided that he wished to amend his complaint to add TTX as a defendant.

Mr. Neil's counsel first requested Union Pacific's consent to file an amended complaint

in December 2023.[1] ECF No. 36, at 2. Mr. Neil renewed his request in April 2024. *Id.* When Union Pacific still declined to consent to Mr. Neil's proposed amendment, Mr. Neil filed the present motion on May 8, 2024. *See* ECF No. 32. Mr. Neil argues that his motion is timely because he discovered TTX's potential liability in this case after the deadline to amend pleadings had already passed. As a result, Mr. Neil asserts that he "presents an adequate explanation for [his] delay." ECF No. 32, at 3. Mr. Neil also believes that an order granting leave to amend would not unduly prejudice Union Pacific because fact discovery is ongoing, a trial date has not been set, and the proposed amended complaint does not alter the factual allegations against Union Pacific. *Id.* at 3–4. As a result, Union Pacific will not be disadvantaged, surprised, or deprived of the opportunity to defend itself against Mr. Neil's claims if he is given the opportunity to add TTX as a defendant. *Id.*

Union Pacific opposes Mr. Neil's motion on the grounds that Mr. Neil's delay in seeking leave to amend was not reasonable and that Mr. Neil misstated TTX's relationship with Union Pacific. ECF No. 35, at 2–3. The court finds neither argument persuasive. While Union Pacific alleges that Mr. Neil delayed for five months before filing the present motion, Mr. Neil has stated that he first requested Union Pacific's consent to his proposed amendment only one month after he received information about TTX in Logistical Data Services' subpoenaed documents. *See* ECF No. 36, at 2. The court therefore does not find Mr. Neil to have unduly delayed his filing of the present motion. And while Union Pacific assures the court that TTX is not a "part owner of the Union Pacific Railroad Company[,]" *see* ECF No. 35, at 3, Mr. Neil has still

---

[1] Union Pacific disputes this assertion, claiming that their first discussion regarding an amendment to Mr. Neil's complaint did not occur until five months after Mr. Neil received the subpoenaed records. ECF No. 35, at 2. But Mr. Neil explained that the first discussion, which occurred in December 2023, was between Mr. Neil and attorney Thomas Farrell, who was Union Pacific's counsel of record until he withdrew from this matter on June 11, 2024. *See* ECF No. 37. The court has no reason to disbelieve Mr. Neil's assertion that he first discussed an amendment to his complaint with Mr. Farrell in December 2023.

articulated a valid reason why he should be allowed to amend his complaint to add TTX as a defendant. "TTX may not be a part owner of [Union Pacific,]" he explains, "but it may contract with [Union Pacific] to provide railcars" and "Plaintiff is entitled to explore and discover the relationship between TTX and [Union Pacific]" because "Plaintiff's injury occurred on a TTX car." ECF No. 36, at 2–3. The court agrees with Mr. Neil and therefore concludes that Union Pacific has not shown Mr. Neil's proposed amendment adding TTX as a defendant would be futile. The court is also persuaded that granting Mr. Neil's motion will not unduly prejudice Union Pacific. The lack of an imminent trial date and Union Pacific's opportunity to continue fact discovery will provide Union Pacific with the chance to adequately defend against Mr. Neil's claims regardless of his filing of an amended complaint.

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Bylin*, 568 F.3d at 1229 (quoting *Frank*, 3 F.3d at 1365). The court is not persuaded that any of these factors significantly weigh in favor of denying Mr. Neil's motion. As a result, in recognition of Federal Rule of Civil Procedure 15(a)'s counsel that the court should "freely give leave when justice so requires[,]" the court grants Mr. Neil's motion and orders him to file his amended complaint by no later than July 30, 2024.[2]

---

[2] Although cited by neither party, Federal Rule of Civil Procedure 16 is also relevant to Mr. Neil's motion. In particular, "[a] party seeking leave to amend after a scheduling order deadline must satisfy *both* the Rule 16(b) and Rule 15(a) standards." *Tesone v. Empire Marketing Strategies*, 942 F.3d 979, 989 (10th Cir. 2019) (citing *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)) (emphasis added). Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Because Mr. Neil filed the present motion after time had expired under the court's scheduling order, he must show that he "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); *see Stringfellow v. Brown*, 105 F.3d 670 (10th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 395 (1993)) (identifying relevant factors in adjudicating a movant's excusable neglect). "Control over the circumstances of the delay is 'the most important single . . . factor . . . in determining whether neglect is excusable.'" *Id.* (quoting *City of Chanute, Kan. v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994)).

**CONCLUSION & ORDER**

For the reasons stated herein, Mr. Neil's Motion for Leave to Amend Complaint (ECF No. 32) is GRANTED. Mr. Neil shall file his amended complaint by no later than July 30, 2024.

Signed July 23, 2024

BY THE COURT

_____

Jill N. Parrish
United States District Court Judge

---

For the reasons stated above, the court finds that Mr. Neil has demonstrated that his neglect in filing a timely motion to amend his complaint is excusable. Mr. Neil did not have "[c]ontrol over the circumstances of the delay" because he did not learn of TTX's potential liability until the deadline had passed. *Id.* Because the court finds Mr. Neil's neglect to be excusable and unlikely to prejudice Union Pacific, the court determines that Mr. Neil has demonstrated good cause under Rule 16(b). The court therefore grants Mr. Neil's motion notwithstanding the fact that he filed the motion after the deadline to amend pleadings had passed.