THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| SCOTT NEIL, **Plaintiff,** v. UNION PACIFIC RAILROAD COMPANY, et al., **Defendants.** | MEMORANDUM DECISION AND ORDER Case No. 2:23-cv-00366-JNP-JCB District Judge Jill N. Parrish Magistrate Judge Jared C. Bennett |

This case is referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Plaintiff Scott Neil's ("Mr. Neil") motion for leave to serve Defendant Ferromex ("Ferromex") by alternative means.[2] Based upon the analysis set forth below, the court denies Mr. Neil's motion without prejudice.

### BACKGROUND

Mr. Neil asserts that "Ferromex is a Mexican [c]orporation doing business in the United States" and that "Ferromex does not have a registered agent in Utah or the United States."[3] Mr. Neil further asserts that Defendant Union Pacific Railroad Company ("Union Pacific") "is a parent company of Ferromex."[4] Mr. Neil "attempted to serve Ferromex through Union Pacific's

---

[1] ECF No. 6.

[2] ECF No. 67.

[3] *Id*. at 1.

[4] *Id*.

registered agent," but "Union Pacific's registered agent rejected the service[,] stating it was not the proper service entity."[5] Mr. Neil asked Union Pacific's counsel in this case to accept service on behalf of Ferromex, but Union Pacific's counsel refused.[6]

Consequently, Mr. Neil seeks to serve "Ferromex alternatively through publication."[7] Mr. Neil contends that "[i]t is in the best interest of the [c]ourt and parties to allow alternative service because alternative service is the most time efficient and most likely to give actual and proper notice to Ferromex."[8] Finally, Mr. Neil asserts that he "has used reasonable diligence to locate and serve a registered agent[,] which has proved unsuccessful."[9]

## LEGAL STANDARDS

Fed. R. Civ. P. 4(h) governs service of process on a corporation. Under Rule 4(h)(2), if a corporation is located "at a place not within any judicial district of the United States," then service may be accomplished "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under [Rule 4](f)(2)(C)(i)."[10]

Rule 4(f) governs service of process on an individual in a foreign country and permits service in the following ways:

> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

---

[5] *Id*. at 1-2.

[6] *Id*. at 2.

[7] *Id*.

[8] *Id*.

[9] *Id*.

[10] Fed. R. Civ. P. 4(h)(2).

>> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:
>
>> > (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
>
>> > (B) as the foreign authority directs in response to a letter rogatory or letter of request; or
>
>> > (C) unless prohibited by the foreign country's law, by:
>
>> > > (i) delivering a copy of the summons and of the complaint to the individual personally; or
>
>> > > (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or
>
>> (3) by other means not prohibited by international agreement, as the court orders.[11]

Courts have held that Rule 4(f) does not create a hierarchy among its subsections dictating that one form of service is favored over another.[12]

Although Mr. Neil does not cite to a specific provision of Rule 4 to support his request to serve Ferromex by publication, his request falls under Rule 4(f)(3). "[S]ervice of process under Rule 4(f)(3) is neither a last resort nor extraordinary relief."[13] The decision about whether to

---

[11] Fed. R. Civ. P. 4(f)(1)-(3).

[12] *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) ("By all indications, court-directed service under Rule 4(f)(3) is as favored as service available under Rule 4(f)(1) or Rule 4(f)(2)." (footnote omitted)); *Nat'l Cas. Co. v. W. Express, Inc.*, No. CIV-15-1222-R, 2017 WL 2241536, at *2 (W.D. Okla. May 22, 2017); *Schmitz v. Diao*, No. 11-CV-157-S, 2013 WL 12161450, at *2 (D. Wyo. May 13, 2013).

[13] *Rio Props., Inc.*, 284 F.3d at 1015 (quotations and citation omitted).

order service under Rule 4(f)(3) is left to the district court's discretion.[14] Under the plain language of Rule 4(f)(3), service thereunder is permitted only if ordered by the court and not prohibited by international agreement.[15] Additionally, service under Rule 4(f)(3) must comply with traditional notions of due process,[16] meaning that "the method of service crafted by the district court must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'"[17] Finally, before permitting service under Rule 4(f)(3), courts have required the plaintiff to show that reasonable attempts were made to effect service and that court intervention is necessary to avoid unduly burdensome or futile efforts to effect service.[18]

## ANALYSIS

For the following reasons, the court denies Mr. Neil's motion without prejudice. First, Mr. Neil fails to demonstrate, or even argue, that his requested method of service is not prohibited by any international agreement. Second, Mr. Neil fails to establish that his requested method of

---

[14] *Rio Props., Inc.*, 284 F.3d at 1014-18; *Schmitz*, 2013 WL 12161450, at *2; *Blumedia Inc. v. Sordid Ones BV*, No. 10-CV-01158-MSK-KLM, 2011 WL 42296, at *4 (D. Colo. Jan. 6, 2011); *Malone v. Highway Star Logistics, Inc.*, No. 08-CV-01534-RPM-KLM, 2009 WL 2139857, at *2 (D. Colo. July 13, 2009).

[15] Fed. R. Civ. P. 4(f)(3); *see also Rio Props., Inc.*, 284 F.3d at 1014; *Clancy Sys. Int'l, Inc. v. Image Sensing Sys., Inc.*, No. 16-CV-01848-CMA-KMT, 2016 WL 9344080, at *3 (D. Colo. Oct. 14, 2016); *Liberty Media Holdings, LLC v. Sheng Gan*, No. 11-CV-02754-MSK-KMT, 2012 WL 122862, at *1 (D. Colo. Jan. 17, 2012).

[16] *Rio Props., Inc.*, 284 F.3d at 1016-17; *Liberty Media Holdings, LLC*, 2012 WL 122862, at *1.

[17] *Rio Props., Inc.*, 284 F.3d at 1016-17 (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

[18] *Clancy Sys. Int'l, Inc*, 2016 WL 9344080, at *3; *Schmitz*, 2013 WL 12161450, at *3; *In re GLG Life Tech Corp. Sec. Litig.*, 287 F.R.D. 262, 265-66 (S.D.N.Y. 2012); *Liberty Media Holdings, LLC*, 2012 WL 122862 at *2; *Blumedia Inc.*, 2011 WL 42296, at *4; *Malone*, 2009 WL 2139857, at *2; *Williams v. Advert. Sex LLC*, 231 F.R.D. 483, 486 (N.D. W. Va. 2005).

service is "'reasonably calculated, under all the circumstances, to apprise [Ferromex] of the pendency of the action and afford [Ferromex] an opportunity to present [its] objections.'"[19] Indeed, the only statement in Mr. Neil's motion that relates to that issue is the conclusory assertion that service through some unidentified publication is "most likely to give actual and proper notice to Ferromex."[20] Finally, Mr. Neil fails to show that he has made sufficient attempts to effect service on Ferromex or argue that court involvement is needed to avoid burdensome or futile service efforts.

## ORDER

For the reasons stated above, the court HEREBY ORDERS that Mr. Neil's motion for leave to serve Ferromex by alternative means[21] is DENIED WITHOUT PREJUDICE. Mr. Neil may renew his motion, but the court will not consider granting it unless it complies with the requirements outlined above.

IT IS SO ORDERED.

DATED this 13th day of March 2025.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[19] *Rio Props., Inc.*, 284 F.3d at 1016-17 (quoting *Mullane*, 339 U.S. at 314).
[20] ECF No. 67 at 2.
[21] ECF No. 67.